### ANDREW E. COLE *vs.* DAVIS AUTOMOBILE CO.

#### JULY 14, 1911.

PRESENT: Dubois, C. J., Johnson, Parkhurst, and Sweetland, JJ.

(1) *Rules of Supreme Court. Jurisdiction. Establishing Truth of Exceptions.*
The provision of rule 13 of the supreme court requiring the petitioner in a petition to establish the truth of exceptions, within twenty four hours after

its filing to deliver to the adverse party or his attorney of record a copy of the petition and of the affidavits, is jurisdictional, and where there is no proof of compliance with the rule, the petition will be dismissed.

TRESPASS ON THE CASE. Heard on motion of defendant to dismiss plaintiff's petition to establish truth of his exceptions and granted.

JOHNSON, J. This is an action of trespass on the case for negligence. After verdict for the plaintiff, in the Superior Court, for $320, the plaintiff moved for a new trial upon the question of damages, on the ground that the damages were inadequate. This motion was denied and the plaintiff excepted and filed his bill of exceptions. Said bill of exceptions was disallowed June 10, 1910, by the justice who presided at the trial "for the reason that no transcript of testimony in the case is presented to the court and in the opinion of the court such a transcript is necessary in this case." June 13, 1910, plaintiff filed in this court his petition to establish the truth of his exceptions, as follows: "To the Honorable Supreme Court of the State of Rhode Island:

"Respectfully represents Andrew E. Cole of the City and County of Providence, and State of Rhode Island:—

"First. That on the 9th day of February, A. D. 1910 in the Superior Court within and for said Providence County he, as plaintiff, recovered a verdict before his Honor Charles F. Stearns, justice of said Superior Court, sitting with a jury, for the sum of three hundred twenty dollars in a certain action then and there pending by due and legal process of law against the Davis Automobile Company, a corporation duly incorporated, and organized under the laws of the State of Rhode Island, and doing business in said Providence County.

"Second. That on the 16th day of February A. D. 1910 the plaintiff filed a motion for a new trial in said cause in said Superior Court, and gave due notice thereof to the defendant corporation according to law; that on the 19th day of May, A. D. 1910 after hearing the parties on said

motion the said Justice Stearns refused the plaintiff a new trial of the said action.

"Third. That on the 27th day of May, A. D. 1910 within seven days after receiving notice from the clerk of said Superior Court of said decision denying said motion the plaintiff gave notice of his intention to prosecute his bill of exceptions upon said decision refusing said new trial in said cause to the Supreme Court, and then and there on said 27th day of May, A. D. 1910 filed his bill of exceptions in accordance with his said notice, and now on file in said Superior Court, and that his Honor Justice Stearns on the 10th day of June A. D. 1910 disallowed said bill of exceptions, and then and there returned the same to the clerk of the said Superior Court. And the plaintiff alleges that his said bill of exceptions is true and correct and should be allowed and established.

"Wherefore the plaintiff prays that his exceptions may be established before this Honorable Supreme Court, and that the same be heard, and the same proceedings taken as if said exceptions had been duly allowed and filed, and that this Honorable Court will order the clerk of the Superior Court to certify and transmit to the clerk of the Supreme Court the papers in said cause, and that a new trial may be granted the plaintiff of said cause upon the amount of damages to which the plaintiff may be entitled as prayed for in said motion for a new trial.

"Wherefore, etc.

ANDREW E. COLE
By his Attorneys
A. B. CRAFTS
A. A. CAPOTOSTO.

"I, Albert B. Crafts, of the City of Cranston, in said Providence County on oath make affidavit to the truth of the allegations of fact contained in the foregoing petition.

ALBERT B. CRAFTS.

"PROVIDENCE, SC.

In Providence in the County of Providence on this 10th day of June, A. D. 1910.

Before me,

ERNEST P. B. ATWOOD,
*Notary Public.*

September 27, 1910, defendant filed a motion to dismiss said petition to establish the truth of the exceptions, upon the following grounds:

"1. The plaintiff did not, within twenty-four hours after the filing of his petition, deliver a copy of the same to the defendant or its attorney of record, as required by Rule 13 of this Court.

"2. Said petition is not verified by affidavit accompanying the same, as required by Rule 13 of this Court.

"3. The plaintiff has not set forth all facts material to the rulings upon which his exception is based, as required by Rule 13 of this Court.

"4. The plaintiff's motion for a new trial is improper since it is not a motion for a new trial generally, but a motion for a new trial to be limited to the single question of damages.

"5. The Superior Court has no jurisdiction to entertain a motion for a new trial unless it is a motion for a new trial generally."

In support of said motion the affidavits of Harry J. Williams, Thomas A. Carroll and Walter P. Suesman, attorneys for the defendant, denying that any copy of the petition to establish the truth of the exceptions had been served upon them, were presented.

The plaintiff presented the affidavits of Albert B. Crafts and Mary Joseph, as follows:

"I, Albert B. Crafts, on oath make affidavit and say that as attorney for the plaintiff, I drew the petition to establish said bill of exceptions; that I have no exact recollection of service of a copy thereof on defendant's attorneys, but that my invariable custom was at that time and since to see that

notices and copies were served upon the defendant's attorneys in proper season; that in said case, I know that I consulted Rule 13, of this court, and annexed my affidavit to said petition; that in almost every case, I instructed Miss Mary Joseph, my stenographer, who had been a long time in my employment, and understood such matters, to serve, and how to serve, the papers, and saw that she started from my office for such purpose, and enquired of her before the time limited had expired, if she had served the same, and should have remembered if there had been any omission to serve a copy of said petition brought to my knowledge; that I have usually and invariably, I think, kept the sworn proof of such service in my own office, until or unless objection was made, as such proof would be less apt to be lost or mislaid in my papers, than in court; that I invariably have three copies made of all court papers, affidavits, pleas, bills of exceptions, petitions to establish exceptions, etc., etc., and supply opposing counsel with copies thereof, as a matter of courtesy, if not required by rule or law; that among my papers in said case, is only one copy of said petition; that sometime last week, Harry Williams, one of the attorneys for the defendant, informed me over the telephone that among the papers in the case, in his hands or in those of Carroll & Suesman, the other attorneys for the defendant, he had seen a copy of the said petition to establish said bill of exceptions, but that there was no notice attached to the same; that Tuesday, February 14, 1911, he also informed me that he had seen said copy among the papers of the defendant's attorneys, either his, or Carroll & Suesman's."

"I, Mary Joseph, being formerly stenographer of said A. B. Crafts, make affidavit and say, That I have read the affidavit of A. B. Crafts above, and know that the statement therein of his custom as to service of notices and copies of papers, is correct, and also as to his custom of keeping in the office the sworn proof of such service; that I have no recollection of any omission to serve a copy of said petition to establish said bill of exceptions, and know

that I should have remembered any such omission if I had failed or forgotten to do so.   I further depose and say that I served numerous notices, and petitions in the above case, and left same with either Mr. Carroll, or Mr. Williams, but have no recollection of serving the petition referred to in Mr. Craft's affidavit.''

It appears that the petition to establish the exceptions was sworn to by A. B. Crafts, one of plaintiff's attorneys.

From the affidavits it appears that there is no proof of compliance with rule 13 in the matter of notice.   Neither plaintiff's attorney nor his stenographer swore to any service of a copy of the petition, but only to a custom of plaintiff's attorney.

(1)      Rule 13 of this court is as follows:   "Every petition to establish the truth of exceptions shall be verified by affidavit accompanying the petition, setting forth the rulings upon which the exceptions are based; and every petition to determine the correctness of a transcript of testimony shall be accompanied by affidavit, setting forth that the transcript certified by the court stenographer is correct or incorrect, as the case may be, and if incorrect, in what particular; and the petitioner shall within twenty-four hours after the filing of his petition deliver to the adverse party or his attorney of record a copy of the same and of the affidavits. The adverse party may file counter affidavits within ten days after receiving the copies aforesaid, and the court may grant further time to the petitioner to reply, in its discretion; and thereafter the petition shall stand for assignment and hearing on motion of either party.''

By virtue of cap. 274, § 7 of Gen. Laws, 1909, the Supreme and Superior Courts may, from time to time, make and promulgate rules for regulating practice and conducting business therein, in matters not expressly provided for by law.   Cap. 298, § 21, Gen. Laws, 1909, provides:   "If the justice who presided at the trial shall, for a period of twenty days after a bill of exceptions has been filed, fail to act upon or return the same, or shall disallow, alter, or refuse to alter

the same, and either party is aggrieved thereby, the truth of the exceptions may be established before the supreme court upon petition stating the facts, filed within thirty days after the filing of the bill of exceptions in the superior court; and thereupon, the truth of the exceptions being established in such manner as the court shall by rule prescribe, they shall be heard and the same proceedings taken as if the exceptions had been duly allowed and filed. And upon such petition being filed, the supreme court may order the clerk of the superior court to certify and transmit to the clerk of the supreme court the papers in the cause.''

In *Smith* v. *Haskell Mfg. Co.*, 28 R. I. 91, this court had under consideration rule 32 of the Superior Court prescribing the notice to be given the adverse party of the filing of a bill of exceptions. The provision for notice prescribed by said rule was held to be jurisdictional. This court, p. 93, said: ''Upon the adoption of a rule so authorized, the same became a part of the law of the State, and governs the subject-matter to which it relates, and can not be ignored. As it is of statutory origin, it can be changed, modified, or repealed only in the manner provided by statute. Obedience to its mandate became a necessary step in the procedure to be taken in the prosecution of bills of exceptions.'' This statement is equally applicable to the rule under consideration in this case.

There is no need for the consideration of the other grounds set out in the motion to dismiss.

The motion to dismiss the plaintiff's petition to establish the truth of his exceptions is granted and the petition is dismissed.

*A. B. Crafts, A. A. Capotosto*, for plaintiff.

*Harry J. Williams, Thomas A. Carroll, Walter P. Suesman*. for defendant.